IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | § § § | |
| *Plaintiff*, | § § | |
| v. | § § | CASE NO. 2:20-CR-00010-JRG-RSP-8 |
| DAMIEN DEVOE SESSIONS, | § § § | |
| *Defendant*. | § § | |

### MEMORANDUM OPINION AND ORDER

Before the Court is the Motion for Reduction of Sentence pursuant to 18 U.S.C. § 3582(c)(2) and Amendment 821 to the Federal Sentencing Guidelines (the "Motion") filed by Defendant Damien D. Sessions ("Defendant" or "Sessions"). (Dkt. No. 303). Having considered the Motion and its related briefing, and for the reasons set forth herein, the Court finds that it should be **DENIED**.

**I. BACKGROUND**

After entering a guilty plea, and on December 17, 2021, Sessions was sentenced to 109 months' imprisonment for the offense of possession with intent to distribute and distribution of methamphetamine and aiding and abetting. (*See* Dkt. No. 232). He did not file a direct appeal. Sessions filed his first motion to reduce sentence in January 2024—which the Court granted, in part, and denied in part. (Dkt. No. 282). Specifically, the Court granted the motion to the extent that it ordered the Federal Public Defender to represent Sessions in refiling his motion for compassionate release and denied Session's *pro se* motion without prejudice. Months later, Sessions filed this *pro se* motion.

## II.  LEGAL STANDARD

The First Step Act of 2018 instituted the first major changes to compassionate release since its authorization in 1984. Pub. L. 115-391, 132 Stat. 5194. The Act, in part, amended section 3582(c), which gives the court discretion—in certain circumstances—to reduce a defendant's term of imprisonment:

> (A) the court, upon motion of the Director of the Bureau of Prisons ("BOP"), or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the [BOP] to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier, may reduce the term of imprisonment (and may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment), after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that—
>
> > (i) extraordinary and compelling reasons warrant such a reduction; or
> >
> > (ii) the defendant is at least 70 years of age, has served at least 30 years in prison, pursuant to a sentence imposed under section 3559(c), for the offense or offenses for which the defendant is currently imprisoned, and a determination has been made by the Director of the [BOP] that the defendant is not a danger to the safety of any person or the community, as provided under section 3142(g);
>
> and that such a reduction is consistent with the applicable policy statements issued by the Sentencing Commission….

18 U.S.C. § 3582(c)(1)(A). This provision is commonly referred to as "compassionate release."

Even if extraordinary and compelling reasons exist, such reasons must outweigh the 18 U.S.C. § 3553(a) factors to warrant a sentence reduction. *See* 18 U.S.C. 3582(c)(1)(A). These factors are:

> (1) the nature and circumstances of the offense and the history and characteristics of the defendant;
>
> (2) the need for the sentence imposed—

> (A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;
>
> (B) to afford adequate deterrence to criminal conduct;
>
> (C) to protect the public from further crimes of the defendant; and
>
> (D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner;
>
> (3) the kinds of sentences available;
>
> (4) the kinds of sentence and sentencing range [provided for in the U.S.S.G.] . . .
>
> (5) any pertinent [Sentencing Commission] policy statement . . .
>
> (6) the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and
>
> (7) the need to provide restitution to any victims of the offense.

*Id*. § 3553(a).

As the United States Court of Appeals for the Fifth Circuit has stated, a prisoner seeking compassionate release must overcome three hurdles. *United States v. Jackson*, 27 F.4th 1088, 1089 (5th Cir. 2022). First, "extraordinary and compelling reasons" must justify the reduction in sentence. 18 U.S.C. § 3582(c)(1)(A)(i). Second, the reduction "must be consistent with applicable policy statements issued by the Sentencing Commission." *Jackson*, 27 F.4th at 1089. Finally, the prisoner "must persuade the district court that his early release would be consistent with the sentencing factors in 18 U.S.C. § 3553(a)." *Id*. A district court has discretion to deny compassionate release if the section 3553(a) factors counsel against reduction. *Id*. (citing *Ward v. United States*, 11 F.4th 354, 360 (5th Cir. 2021)).

Indeed, U.S.S.G. § 4C1.1 provides a decrease in a defendant's offense level for certain "zero-point offenders." *See United States v. Morales*, 122 F.4th 590, 592 (5th Cir. 2024). The

guideline provides an adjustment if a defendant meets all of certain listed criteria, including that the defendant did not receive any criminal history points from Chapter Four, Part A. The Fifth Circuit has explained that Section 4C1.1 of the sentencing guidelines was made retroactively applicable, "so it can be the basis for a motion to reduce a defendant's term of imprisonment pursuant to 18 U.S.C. § 3582(c)(2)." *Id*.

### III.   ANALYSIS

Sessions filed this motion requesting a sentencing reduction to the 2023 United States Sentencing Guidelines (U.S.S.G.) amendments. Specifically, on the form motion, Sessions checked the box concerning U.S.S.G. § 4C1.1 adjustment for zero-point offenders—for those assessed zero criminal history points at sentencing. (Dkt. No. 282 at 2).

Moreover, Sessions explains that while he has been incarcerated, he has "focus[ed] on [] mental and cognitive measures" to "correct[] [his] old nature." (Dkt. No. 303 at 5). As support, Defendant represents that he has participated in many classes, such as piano, art, walk/run aerobics, adult continuing education, adult literacy, release preparation programming, residential drug/alcohol treatment program, and psychology/anger management classes. (*Id*.). Sessions also highlights that he is currently working on his GED. (*Id*.).

In response, the Government maintains that Sessions is not eligible for a sentence reduction under the sentencing guideline 2023 amendment § 4C1.1 adjustment for zero-point offenders. (Dkt. No. 307 at 3). The Government explains that Sessions's criminal history score of II, stemming from Texas misdemeanor conviction for Assault Family Violence in 2017, which occurred within ten years of his commission of this federal offense. (*Id*.). It insists that "two criminal history points does not qualify a defendant for a reduction as a zero-point offender." (*Id*.). Sessions did not file a reply.

A judgment of conviction imposing a sentence of imprisonment "constitutes a final judgment and may not be modified by a district court except in limited circumstances." *Dillon v. United States*, 560 U.S. 817, 824 (2010) (quoting 18 U.S.C. § 3582(b)); *see* 18 U.S.C. § 3582(c). One such circumstance arises from 18 U.S.C. § 3582(c)(1)(A), the statute authorizing compassionate release.

The Court agrees with the Government. As presented in his PSR, Sessions's criminal history—conviction for Assault Family Violence—resulted in two criminal history points under guidelines 4A1.1(b) and 4A1.2(k)(1) and yielded a criminal history category of II. (Dkt. No. 216 at 8). Accordingly, because Sessions received two criminal history points under Chapter Four of the guidelines, he is ineligible for a reduction under § 4C1.1 for "zero-point offenders." Sessions is not a zero-point offender.

Turning to Sessions's highlighting his accomplishments while incarcerated as a basis for compassionate release, the Court determines that the section 3553(a) factors weigh against compassionate release at this time. The United States Court of Appeals for the Fifth Circuit has held that when a defendant moves for compassionate release, he must satisfy three criteria for release. *United States v. Jackson*, 27 F.4th 1088, 1089 (5th Cir. 2022); *United States v. Shkambi*, 993 F.3d 388, 392 (5th Cir. 2021).

First, as explained above, he must meet one of the two conditions listed in section 3582(c)(1)(A)—either the defendant has extraordinary and compelling reasons that warrant a reduction under 18 U.S.C. § 3582(C)(1)(A)(i) or the defendant is at least 70 years of age, has served at least thirty years in prison, and meets the additional requirements under § 3582(c)(1)(A)(ii). *Id*. Second, the defendant must show that compassionate release would be consistent with applicable policy statements. Finally, the defendant "must convince the district

5

judge to exercise discretion to grant the motion after considering the § 3553(a) factors." *Id*. A district court has discretion to deny compassionate release if the section 3553(a) factors counsel against reduction. *Jackson*, 27 F.4th at 1089 (citing *Ward v. United States*, 11 F.4th 354, 360 (5th Cir. 2021)).

Section 3582(c)(1)(A)(i) does not define what constitutes "extraordinary and compelling reasons" that merit compassionate release. Congress, instead, delegated its authority to the Sentencing Commission. *See* 28 U.S.C.§ 994(t) (directing the Commission to "describe what should be considered extraordinary and compelling reasons for sentence reduction, including the criteria to be applied and a list of specific examples"). Before the First Step Act, the Commission issued a policy statement set forth in U.S.S.G. § 1B1.13, which, along with its commentary, describes what reasons qualify as extraordinary and compelling. While not binding, the Commission's policy statement contained in § 1B.1.13 and the commentary provide guidance concerning what may constitute "extraordinary and compelling" reasons warranting compassionate release. *See United States v. Thompson*, 984 F.3d 431, 433 (5th Cir.) ("Although not dispositive, the commentary to § 1B.1.13 informs [the court's] analysis as to what reasons may be sufficiently 'extraordinary and compelling' to merit compassionate release."), *cert. denied*, 141 S.Ct. 2688 (2021); *see also Jackson*, 27 F.4th at 1091 (explaining that Section 1B1.13 is not binding and "does not control the outcome" of a motion for compassionate release).

In Application Note 1 of § 1B1.13, the Commission defined "extraordinary and compelling reasons" to include four categories of circumstances, any of which could suffice to warrant compassionate release: (1) certain medical conditions of the defendant; (2) the defendant is sixty-five years or older and meets other requirements; (3) the defendant's family has specified needs

6

for a caregiver; and (4) other reasons in the defendant's case that establish an extraordinary and compelling reason. U.S.S.G. § 1B.1.13 cmt. n.1.

Though the Court finds Sessions's rehabilitation efforts—including his participation in various educational classes, anger management, and obtaining his GED—are commendable, such efforts are not "extraordinary and compelling" circumstances warranting compassionate release. *See Shkambi*, 993 F.3d at 392 (explaining that Congress instituted just one restriction on what should be considered extraordinary and compelling reasons: "Rehabilitation of the defendant alone shall not be considered an extraordinary and compelling reason."). The Court does not seek to diminish these accomplishments and hopes that Sessions continues on his present path but finds that his rehabilitation efforts while incarcerated are neither extraordinary nor compelling. *See, e.g., United States v. Boyd*, 2021 WL 5094903, at *4 (E.D. Tenn. 2021) (the court, while recognizing the prisoner's efforts to improve himself, did not find his rehabilitation efforts to be so extraordinary to outweigh the other sentencing factors.).

Compassionate release is also not warranted here under 18 U.S.C. § 3553(a). *See* 18 U.S.C. § 3582(c)(1)(A) (requiring courts to consider the § 3553(a) factors before granting compassionate release); *United States v. Shorter*, 850 F. App'x 327, 328 (5th Cir. 2021) (unpublished) (finding that the district court did not abuse its discretion in denying compassionate release after balancing the section 3553(a) factors).

A district court may place greater weight on the seriousness of a defendant's offense when weighing the factors under section 3582(c)(1)(A)(i). *See United States v. Martinez*, 832 F. App'x 906 (Mem) (5th Cir. 2021); *United States v. Wynn*, 2022 WL 3214440, at *3 (N.D. Tex. Aug. 2022) ("Reducing Defendant's sentence will not adequately reflect the seriousness of his offenses,

7

promote respect for the law, provide just punishment for the offenses, adequately deter criminal conduct, or protect the public from further crimes.") (citing *Martinez*, 832 F. App'x 906).

Here, Sessions pleaded guilty to the offense of possession with intent to distribute and distribution of methamphetamine and aiding and abetting. In 2021, He was sentenced to 109 months imprisonment—or approximately nine years' imprisonment. According to Sessions's final presentence report, the facts of Sessions's offense—that he pleaded guilty to—indicate that he was engaged in a methamphetamine conspiracy.

Specifically, the report indicates that, on May 23, 2019, FBI agents and agents with the Texas Department of Public Safety Criminal Investigations Divisions (DPS CID) and the Marshall Police Department "initiated a multi-agency methamphetamine conspiracy investigation targeting med-level and upper-level drug suppliers operating in Harrison County, Texas." (Dkt. No. 216 at 5). On October 16, 2019, an undercover agent contacted a codefendant "who agreed to sell the agent 36 ounces of methamphetamine in exchange for $6,000" the following day at the McDonalds in Marshall, Texas." (*Id*.).

Two hours after the undercover agent and the codefendant communicated on a time to meet and the type of vehicles involved, "a Jaguar passenger vehicle being driven by Damien Sessions (Sessions) pulled up next to the agent." A codefendant exited the vehicle and entered the undercover agent's vehicle—retrieving a plastic bag from her purse and putting it on the center console. The "agent opened the bag, saw a gallon size Ziploc bag of methamphetamine, and then handed [the codefendant] a bag with $6,000." Latent fingerprint analysis of the methamphetamine packaging identified fingerprints belonging to Sessions, and the powder in the Ziploc bag weighted 791.4 grams of methamphetamine and had a purity of 91%, which equals 720.1 grams of methamphetamine (actual)." (*Id*.)

8

The facts of this case demonstrate a serious drug offense posing a serious threat to the public. Given Sessions's criminal history, which includes a conviction for assault family violence, releasing Sessions at this time would neither reflect the seriousness of this drug offense nor promote respect for the law. Likewise, compassionate release at this time would not afford adequate deterrence to his criminal conduct—and would ignore that Sessions received the benefit of a plea agreement in which additional charges/counts were dismissed after he accepted responsibility that could have resulted in a far lengthier prison sentence. (Dkt. No. 216 at 14). The Court further notes that Sessions's PSR highlights his long-history with drug use, particularly ice, which weighs against his release at this time. (*Id*. at 12) (PSR Defendant's characteristics and history).

Ultimately, the section 3553(a) factors do not weigh in Sessions's favor. *See, e.g.*, *United States v. Robinson*, 2023 WL 6785840, at *1 (5th Cir. Oct. 13, 2023) (finding that the district court did not abuse its discretion in denying a defendant's motion for compassionate release, as "the district court found that Robinson committed a serious offense, had numerous prior drug convictions, and was likely to recidivate and pose a danger to the public.") (unpublished; *United States v. Gonzalez-Longoria*, 2025 WL 1139469, at *1 (5th Cir. Apr. 17, 2025) (finding no abuse of discretion, as "the district court considered the nature and the circumstances of the offense; Gonzalez-Longoria's history and characteristics; the need for the sentence to adequately reflect the seriousness of the offense, promote respect for the law, provide just punishment, and adequately deter criminal conduct; and the lack of a need to provide Gonzalez-Longoria with needed medical care.").

To the extent that Sessions argues that the Court places too much emphasis on his offense of conviction, the Court notes that it has the discretion to place heavy weight on a Defendant's

9

offense when evaluating the section 3553(a) factors. *See Martinez*, 832 F. App'x 906 ("It was not unreasonable for the court to place greater weight on the seriousness of Martinez's offense, including the fact that a dangerous weapon was involved in criminal activity, of which he was considered a leader."); *United States v. Chambliss*, 948 F.3d 691, 693-94 (5th Cir. 2020) (affirming denial of compassionate release wherein the district court considered the Defendant's "severe" conduct and his serious drug crime.); *United States v. Tamayo*, 2022 WL 1096580, at *6 (N.D. Tex. Mar. 14, 2022) ("Tamayo's conduct was grave at the time it occurred on February 16, 2006, and it remains equally serious today. The serious nature of the offense and surrounding conduct weighs heavily against release.").

Moreover, any objection to the reliance of Sessions's serious offense of conviction amounts to a disagreement with the balancing of section 3553(a) factors. *See United States v. Keys*, 846 F. App'x 275, 276 (5th Cir. Apr. 30, 2021) ("Though Keys claims that the district court gave too much weight to his criminal history, his argument amounts to a mere disagreement with the court's balancing of the § 3553(a) factors.").

## IV. CONCLUSION

The Court finds that Sessions has failed to satisfy his burden of demonstrating the necessary circumstances to warrant compassionate release or any reduction in his sentence, at this time. Specifically, given his previous conviction for assault family violence, he is not considered a "zero-point offender," such that the he is ineligible for a reduction under § 4C1.1 of the sentencing guidelines.

Furthermore, in applying the section 3553(a) factors, the Court determines that the seriousness of Sessions's drug offense and his conduct weigh against compassionate release. After considering the record and all of the factors, reducing his sentence or releasing Sessions at this

time would undermine respect for the rule of law, fail to reflect the seriousness of his offense, fail to provide just punishment, and would fail to serve to deter Sessions's criminal conduct given his lengthy drug history. Consistent with the foregoing analysis, the Motion (Dkt. No. 303) is **DENIED**.

    **So ORDERED and SIGNED this 2nd day of February, 2026.**

_____
RODNEY GILSTRAP
UNITED STATES DISTRICT JUDGE